(No. 28379.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEO LISLE, Plaintiff in Error.

*Opinion filed May 23, 1945.*

LEO LISLE, *pro se.*

GEORGE F. BARRETT, Attorney General, and CLIFFORD N. COOLIDGE, State's Attorney, of Bloomington, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error pleaded guilty in the circuit court of McLean county to the charge of forgery. He brings here

the common-law record, and contends that the court erred in not fixing the minimum and maximum limits of his sentence, in not hearing evidence of mitigation and aggravation of the offense, and that his plea of guilty was obtained by deceit, trickery and promises.

This cause was heard on June 1, 1943, same being one of the regular judicial days of the April term, A. D. 1943, of said court. Plaintiff in error at that time entered a plea of guilty to the second count of the indictment which charged him with the unlawful uttering, publishing and passing of a forged check. He was admonished of the consequences of his plea by the court and persisted in the same and was sentenced to the penitentiary for an indeterminate term as provided by law.

We held in the case of *People* v. *Montana,* 380 Ill. 596, which opinion was filed September 25, 1942, that the 1941 amendment to the Sentence and Parole Act (Ill. Rev. Stat. 1941, chap. 38, par. 802,) was unconstitutional and void, and that the Sentence and Parole Act, as it existed prior to those amendments of 1941, affords the only guide to be followed in sentencing prisoners convicted of crime. Plaintiff in error was sentenced accordingly.

It is his contention that section 4 of the act in relation to the construction of statutes (Ill. Rev. Stat. 1941, chap. 131, par. 4,) gives him the right to be sentenced under the new 1943 amendment to the Sentence and Parole Act in which the court is directed to fix minimum and maximum limits of imprisonment. With this we cannot agree. Plaintiff in error was sentenced after the *Montana case* had been decided and before the adoption of the 1943 amendment that now exists. Section 4 of the act does not give the defendant the right to be sentenced under a law not in full force and effect at the time of his sentence. It could only apply to those classes of cases in which a new law had become effective prior to the date of the actual sentence. (*People ex rel. Carlstrom* v. *David,* 336

Ill. 353; *People* v. *Zito,* 237 Ill. 434; *People ex rel. Kerner* v. *McKinley,* 371 Ill. 190.) Plaintiff in error was properly sentenced under the Sentence and Parole Act as it existed prior to the 1941 amendment.

It is further contended by plaintiff in error that his plea of guilty was obtained by deceit, trickery and promises. This statement is made in his argument but there is nothing in the record to support such statement. The common-law record shows the defendant, in his own proper person and by his attorney, came into court, withdrew his plea of not guilty and, after being duly warned by the court as to the consequences of his plea therein, persisted and entered a plea of guilty, placing himself upon the mercy of the court which sentenced him. As to this, the common-law record imports verity.

Where a defendant seeks a reversal of the judgment of conviction, he assumes the burden of showing the illegality of the proceeding which resulted in the judgment against him. All reasonable intendments not contradicted by the record are in favor of the validity of the judgment. *People* v. *Hughes,* 386 Ill. 414; *People* v. *Throop,* 359 Ill. 354; *People* v. *Gerke,* 332 Ill. 583.

Plaintiff in error further contends that no hearing was held or witnesses examined as to the aggravation and mitigation of the offense. Where the court has no discretion as to the degree of punishment, the same being fixed by law for the offense charged, the statute requiring the court to hear evidence as to the aggravation and mitigation has no application. *People* v. *Corbett,* 387 Ill. 41.

There being no errors in the record, the judgment of the circuit court of McLean county is affirmed.

*Judgment affirmed.*