2023 IL App (4th) 220400

NO. 4-22-0400

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Boone County |
| ALVIN BROWN, | ) | No. 17CF202 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert Tobin, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Doherty and Lannerd concurred in the judgment and opinion.

**OPINION**

¶ 1   Defendant, Alvin Brown, pleaded guilty to driving while license revoked (DWLR) (625 ILCS 5/6-303(a), (d-5) (West 2016)). Based on his criminal history, the trial court sentenced him as a Class X offender to nine years in prison under section 5-4.5-95(b) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-95(b) (West 2018)). During postplea proceedings, defendant moved for reconsideration of his sentence, which the court denied. Defendant appeals, arguing (1) he is entitled to a remand for resentencing because he was not given the opportunity "to elect the benefit of" amendments to section 5-4.5-95(b), which made the statute inapplicable to his case and took effect after his sentencing but before the court ruled on his postplea motion and (2) the record refutes his postplea counsel's certification of compliance with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), entitling him to further postplea

proceedings. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        In July 2017, a grand jury indicted defendant on one count of DWLR (625 ILCS 5/6-303(a), (d-5) (West 2016)). The offense was charged as a Class 2 felony and based on allegations that, on or about June 3, 2017, defendant drove a motor vehicle at a time when (1) his driving privileges were revoked for committing a driving under the influence (DUI) offense and (2) he had 14 prior violations for DWLR.

¶ 4        In October 2019, defendant entered an open plea of guilty to the charged offense. At his guilty plea hearing, the trial court admonished defendant regarding the rights he was giving up and the consequences he faced by pleading guilty. Such consequences included defendant's potential eligibility for sentencing as a Class X offender—with a sentencing range of 6 to 30 years in prison—based upon his criminal history. Defendant asserted that he understood the court's admonishments and persisted in his plea. According to the State's factual basis, on June 3, 2017, a Boone County Sheriff's deputy heard a call about a retail theft "where the offender, a black female, left in a red Ford truck being driven by a black male." The deputy subsequently "saw that vehicle *** and stopped it." The driver identified himself as defendant. The deputy "had dispatch run [defendant's] information" and learned that defendant's driver's license was revoked for a DUI conviction and that defendant had "at least 14 prior violations" for DWLR. Ultimately, the court accepted defendant's guilty plea, finding defendant understood his rights and that his plea was voluntary.

¶ 5        In November 2019, the trial court conducted defendant's sentencing hearing. At the time of sentencing, section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b) (West 2018)) provided as follows:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony *** after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony, *** and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender. This subsection does not apply unless:

(1) the first felony was committed after February 1, 1978 ***;

(2) the second felony was committed after conviction on the first; and

(3) the third felony was committed after conviction on the second."

¶ 6        Defendant's presentence investigation report (PSI) showed defendant was 64 years old and had a lengthy criminal history that dated back to 1972. His criminal history included convictions for burglary, theft, battery, disorderly conduct, rape, robbery, forgery, DUI, and multiple convictions for driving with his license suspended or revoked. Several times, defendant had been sentenced to terms of imprisonment in the Illinois Department of Corrections (DOC). In 2009, he was sentenced to seven years in prison for the offenses of forgery and DWLR. In March 2017, he was arrested for DWLR in Winnebago County case No. 17-CF-607, and, in 2019, sentenced to six years in prison for that offense. While case No. 17-CF-607 was pending, defendant committed the underlying offense.

¶ 7        In presenting evidence to the trial court, the State submitted a certified copy of defendant's driving abstract, which showed his driver's license was revoked in July 1997 for a DUI offense and that he subsequently had 14 DWLR violations. To support defendant's eligibility for Class X sentencing, the State presented exhibits showing that defendant had prior felony

convictions for (1) burglary, a Class 2 offense committed in September 1978, and (2) rape, a Class X offense committed in July 1981. Finally, the State also submitted an exhibit containing information pertaining to Winnebago County case No. 17-CF-607, which indicated defendant was on bond in that case at the time he committed the underlying offense. Defendant's evidence included his own testimony and the testimony of several of his family members.

¶ 8 The State recommended that the trial court sentence defendant to a 10-year term of imprisonment, noting defendant's criminal history, the need for deterrence, and that defendant committed the underlying offense "while out on bond on another felony." Defendant's counsel asked the court to impose a six-year prison sentence based on defendant's history of drug addiction and his family ties. The record reflects counsel also advocated for sentencing defendant as a Class 2 offender, arguing that imposition of a Class X sentence would result in an improper "double enhancement." The court rejected defense counsel's argument, stating Class X sentencing applied. It sentenced defendant to nine years in prison and ordered his sentence to be served consecutively with the sentence imposed in Winnebago County case No. 17-CF-607.

¶ 9 In December 2019, defendant *pro se* filed motions to withdraw his guilty plea and vacate his sentence, reduce his sentence, and for the appointment of counsel. In connection with his motion to withdraw, defendant alleged he was forced to plead guilty because his attorney told him he would be given a 20-year prison sentence if he elected to go to trial and lost. Defendant's motion for a reduction of his sentence did not set forth any specific allegations. The same month, the trial court appointed new counsel, attorney Russell Luchtenberg, to represent defendant during his postplea proceedings.

¶ 10 In July 2020, Luchtenberg filed a certificate of compliance pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), representing that he had consulted with defendant

by phone "to ascertain defendant's contentions of error in the sentence," "examined the trial court file and *** report of proceedings in the sentencing hearing," and elected not to file any amended motion.

¶ 11　　　　The same date the certificate was filed, the trial court conducted a hearing on defendant's postplea motions. Luchtenberg asserted he had spoken with defendant and found no basis upon which to amend defendant's pleadings. He also indicated defendant wanted to pursue only his motion to reduce his sentence and not his motion to withdraw his guilty plea and vacate his sentence. Upon inquiry by the court, defendant acknowledged that he no longer wanted to withdraw his guilty plea. Regarding defendant's sentence, Luchtenberg stated it was defendant's belief that there were "improper calculations made" regarding his eligibility for Class X sentencing, that his nine-year sentence was excessive, and that he should have been sentenced as a Class 2 offender. Luchtenberg also asked the court to "take a look at the sentencing again and *** reconsider" defendant's sentence. He noted defendant was "not a young man" and "currently going to be incarcerated for six years" in connection with his previous DWLR case. The court denied defendant's motion, finding he had been eligible for Class X sentencing based on his criminal history and that a nine-year sentence "was appropriate."

¶ 12　　　　Defendant appealed the trial court's denial of his postplea motion. On appeal, he filed an unopposed motion for summary remand, alleging Luchtenberg failed to comply with Rule 604(d) by filing a deficient certificate of compliance. In particular, he noted that Luchtenberg failed to "certify that he consulted with [defendant] about both his contentions of error in the guilty plea and the sentencing hearing." Defendant requested the matter be remanded for compliance with Rule 604(d) and further postplea proceedings.

¶ 13　　　　In December 2020, the appellate court granted defendant's motion for summary

remand. In doing so, it vacated the trial court's denial of defendant's postplea motion and remanded the matter to the trial court for the filing of a valid Rule 604(d) certificate, the opportunity for defendant to file new postplea motions, and a new postplea motion hearing. *People v. Brown*, No. 2-20-0432 (Dec. 4, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)) (granting defendant's unopposed motion for summary remand).

¶ 14        On remand, the parties first appeared before the trial court for a status hearing in January 2021. At the hearing, the court inquired whether Luchtenberg had communicated with defendant regarding whether he "would like to have a new hearing on the motion to withdraw." Luchtenberg represented that he and defendant "did have a discussion regarding that" and that he believed defendant was "ready to just have [Luchtenberg] prepare another [Rule] 604(d) [certificate]." Upon inquiry by the court, defendant stated he was "okay with [Luchtenberg] doing the certificate, [and] sending it back to the appeal court." The court then stated it would set no further court dates and indicated appellate proceedings could resume once Luchtenberg filed a certificate in compliance with Rule 604(d).

¶ 15        In February 2021, Luchtenberg filed a new Rule 604(d) certificate. He asserted as follows:

> "1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;
>
> 2. I have examined the trial court file and report of proceedings of the guilty plea and the report of proceedings in the sentencing hearing; and
>
> 3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 16        Effective July 1, 2021, the legislature amended section 5-4.5-95(b) (see Pub. Act 101-652, § 10-281 (eff. July 1, 2021) (amending 730 ILCS 5/5-4.5-95(b))). The amended version of the statute provided that for Class X sentencing to apply, a defendant had to be convicted of "a Class 1 or Class 2 forcible felony" offense and have prior qualifying convictions that were also forcible felonies. *Id.*

¶ 17        In March 2022, the attorneys in defendant's case appeared before the trial court. Luchtenberg indicated his intention to file an amended postplea motion that "track[ed]" with defendant's previous filings. He also asserted that he needed more time to communicate with defendant to determine "if we're going to do the same thing we did before[.]" The court set the matter for further hearing. The same day, Luchtenberg filed a motion to withdraw guilty plea and vacate sentence on defendant's behalf, alleging "defendant did not understand the consequences or the effect the plea would have at that time."

¶ 18        In April 2022, the trial court conducted a status hearing at which the attorneys in the case and defendant appeared. Luchtenberg indicated defendant was not yet ready to proceed with his motion to withdraw and that they still needed to speak "personally *** about what we're doing."

¶ 19        In May 2022, the trial court conducted a postplea hearing in the matter. Luchtenberg represented that he had communicated with defendant by telephone and presented a third Rule 604(d) certificate. Similar to his February 2021 certificate, he alleged as follows:

        "1. I have consulted with the Defendant in person or by mail to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;

        2. I have examined the trial court file and report of proceedings of the plea

- 7 -

of guilty and the sentencing; and

>3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 20 The trial court informed defendant that Luchtenberg's certificate stated he and defendant had discussed defendant's "different options on the motion to withdraw guilty plea." The court asked defendant if he thought he had "enough time to speak with [Luchtenberg] about all those issues" and defendant stated, "Yes." Luchtenberg then informed the court that defendant would not be pursuing his motion to withdraw his guilty plea and that "[w]hat we're doing is going back to what he had brought up at the past hearing which was the—whether or not the consequences of the sentence would be reconsidered." As a basis for reconsideration, Luchtenberg noted "several things that have gone on within the law," and stated as follows:

>"[O]ne of the things would be the enhancement of his sentence. While it's not retroactive based on his record on what he was convicted of, it was enhanced because of reasons that would not apply today and so we're asking if the Court just on the basis of justice would take a look back."

Luchtenberg also asserted that he was stipulating to the arguments made at defendant's July 2020 postplea hearing.

¶ 21 The trial court indicated it recognized that Luchtenberg was stipulating to arguments made at the prior hearing "[w]ith the only difference [being that] the Class X rule has changed since [that prior hearing]." After the State confirmed that the statutory changes were not "retroactive," the court stated it understood and agreed that defendant faced an extended-term sentence of "3 to 14 either way." Again, the court denied defendant's postplea motion, finding the nine-year sentence it imposed "was appropriate" and "proper," and "merited" by defendant's

"continued actions."

¶ 22    This appeal followed.

¶ 23                            II. ANALYSIS

¶ 24                A. Defendant's Entitlement to Remand for

            Resentencing Based on Statutory Sentencing Amendments

¶ 25    On appeal, defendant first argues that his 9-year sentence must be vacated and the matter remanded "for resentencing in the extended-term Class 2 sentencing range of [3 to 14] years." He concedes that at the time of his sentencing in November 2019, he was eligible for mandatory Class X sentencing pursuant to section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b) (West 2018)). Nevertheless, he notes that before the conclusion of his postplea proceedings in May 2022, section 5-4.5-95(b) was amended to apply only to forcible felony offenses, rendering that section inapplicable to his underlying offense (Pub. Act 101-652, § 10-281 (eff. July 1, 2021) (amending 730 ILCS 5/5-4.5-95(b))) and making him no longer eligible for Class X sentencing. According to defendant, because the judgment in his case "was not yet final and *** still pending in the [trial] court" when the amendment took effect, it must be given retroactive application and he should be given the opportunity to elect sentencing under the new law.

¶ 26    Initially, the State argues defendant forfeited any claim that he is entitled to elect sentencing under the amended version of section 5-4.5-95(b) because he did not raise it in a postsentencing motion to reconsider. Defendant acknowledges that he did not "rel[y] on a "retroactivity argument" below when seeking reconsideration of his sentence; however, he contends normal forfeiture rules are relaxed when the issue involves the right to elect the application of an amended sentencing statute. Additionally, he argues his claim may be reviewed based upon either the occurrence of second-prong plain error or because his postplea counsel

- 9 -

provided ineffective assistance by not raising the issue.

¶ 27　　　　Forfeiture involves "the failure to make a timely assertion of a known right." *People v. Bowens*, 407 Ill. App. 3d 1094, 1098, 943 N.E.2d 1249, 1256 (2011). Generally, "a defendant forfeits appellate review of any sentencing issue not raised in the trial court in a written postsentencing motion." *People v. Lewis*, 234 Ill. 2d 32, 42, 912 N.E.2d 1220, 1226 (2009); see Ill. S. Ct. R. 604(d) (eff. July 1, 2017) ("Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived.").

¶ 28　　　　Here, we agree that, before the trial court, defendant did not raise a claim that he was entitled to resentencing so that the new, amended version of section 5-4.5-95(b) of the Code could be retroactively applied to his case. No such claim was set forth in any written postsentencing motion, nor was it presented orally at defendant's May 2022 postplea hearing. Ultimately, however, the circumstances below do not suggest the occurrence of forfeiture but, instead, invited error.

¶ 29　　　　"The rule of invited error or acquiescence is a procedural default sometimes described as estoppel." *In re Detention of Swope*, 213 Ill. 2d 210, 217, 821 N.E.2d 283, 287 (2004). "Under the doctrine of invited error, an accused may not request to proceed in one manner and then later contend on appeal that the course of action was in error." *People v. Carter*, 208 Ill. 2d 309, 319, 802 N.E.2d 1185, 1190 (2003). "The rationale behind this well-established rule is that it would be manifestly unfair to allow a party a second trial upon the basis of error which that party injected into the proceedings." *Swope*, 213 Ill. 2d at 217.

¶ 30　　　　In this case, when advocating for reconsideration of defendant's sentence at the May 2022 postplea hearing, Luchtenberg alluded to the July 2021 amendment to section 5-4.5-

95(b) and essentially asked the court to reconsider defendant's sentence in line with the spirit of the new version of the statute. However, counsel also explicitly argued that the amendment at issue was "not retroactive." Thus, the record reflects defendant's counsel effectively requested to proceed with reconsideration of defendant's sentence as if the amendments to section 5-4.5-95(b) were inapplicable to defendant. The State made the same argument, and the trial court indicated it understood and accepted the parties' representations. Under these circumstances, the doctrine of invited error, not forfeiture, precludes defendant's claim that he was entitled to retroactive application of the amended version of section 5-4.5-95(b).

¶ 31        As stated, defendant argues that this court may reach the merits of his "retroactivity argument" under either the plain-error doctrine or on the basis of ineffective assistance of counsel. We note, however, that the plain-error doctrine applies only in cases involving forfeiture. *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 29, 92 N.E.3d 494. Where a defendant's counsel has specifically asked the trial court to proceed in a particular manner, "[t]he doctrine of invited error blocks [the] defendant from raising th[e] issue on appeal, absent ineffective assistance of counsel." *People v. Henderson*, 2016 IL App (1st) 142259, ¶ 210, 77 N.E.3d 1046; *People v. Patrick*, 233 Ill. 2d 62, 77, 908 N.E.2d 1, 10 (2009) (declining to address the defendant's plain-error claim because the defendant invited the error). Accordingly, in this instance, we consider only whether Luchtenberg provided ineffective assistance by failing to argue that defendant was entitled to elect sentencing under the more favorable, amended version of section 5-4.5-95(b) of the Code.

¶ 32        To establish an ineffective-assistance-of-counsel claim, a defendant must show both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice "in that, absent counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *People v. Jackson*, 2020

IL 124112, ¶ 90, 162 N.E.3d 223 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). A defendant's failure to establish either deficient performance or prejudice is fatal to his claim. *Id.*

¶ 33 "When *** a claim of ineffective assistance of counsel was not raised in the trial court, our review is *de novo.*" *People v. Bates*, 2018 IL App (4th) 160255, ¶ 46, 112 N.E.3d 657. Further, in this case, defendant's claim also presents an issue of statutory construction, *i.e.*, the retroactive application of a statutory amendment, that is similarly reviewed *de novo. People v. Hunter*, 2017 IL 121306, ¶ 15, 104 N.E.3d 358.

¶ 34 As defendant points out on appeal, our supreme court has held that a defendant has the right "to be sentenced under either the law in effect at the time the offense was committed or that in effect at the time of sentencing." *People v. Hollins*, 51 Ill. 2d 68, 71, 280 N.E.2d 710, 712 (1972). Absent "a showing that [the defendant] was advised of his right to elect ***, and an express waiver of that right, [he is] denied due process of law." *Id.*

¶ 35 Here, there is no dispute that under the law in effect both at the time of the offense and at the time of defendant's sentencing in November 2019, he was eligible for mandatory Class X sentencing pursuant to section 5-4.5-95(b) of the Code (730 ILCS 5/5-4.5-95(b) (West 2018)). Specifically, defendant pleaded guilty to a Class 2 felony offense and had at least two prior qualifying convictions for "Class 2 or greater Class felony" offenses. *Id.* There is also no dispute that after his sentencing but prior to the conclusion of postplea proceedings in May 2022, section 5-4.5-95(b) of the Code was amended in a way that made it inapplicable to defendant's case. See Pub. Act 101-652, § 10-281 (eff. July 1, 2021) (amending 730 ILCS 5/5-4.5-95(b)). Because the relevant statutory provision did not change prior to the time of defendant's sentencing, the proposition of law set forth in *Hollins* is not clearly or directly applicable to defendant. Nevertheless, defendant argues the amended version of section 5-4.5-95(b) should still be

retroactively applied to his case because the amendment went into effect while his case remained pending in the trial court. For the reasons that follow, we disagree.

¶ 36 When, as in this case, "the temporal reach of the statute is not clearly indicated in its text, then the statute's temporal reach is provided by default in section 4 of the Statute on Statutes." *Hunter*, 2017 IL 121306, ¶ 22; see 5 ILCS 70/4 (West 2020). That section states as follows:

> "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." 5 ILCS 70/4 (West 2020).

¶ 37 "[S]ection 4 is a general savings clause, which [the supreme court] has interpreted as meaning that procedural changes to statutes will be applied retroactively, while substantive changes are prospective only." (Internal quotation marks omitted.) *Hunter*, 2017 IL 121306, ¶ 22.

Further, under section 4, procedural law changes have been held to apply retroactively to cases that are "ongoing" or "pending \*\*\*, *i.e.*, a case in which the trial court proceedings had begun under the old statute but had not yet been concluded." *Id.* ¶ 30.

¶ 38    However, section 4 contains a specific provision that is applicable to new laws that mitigate a penalty or punishment: "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." 5 ILCS 70/4 (West 2020). "To 'mitigate' means 'to make less severe.' " *Hunter*, 2017 IL 121306, ¶ 56 (quoting Webster's Third New International Dictionary 1447 (1993)).

¶ 39    In *Hunter*, the supreme court determined that no matter whether statutory changes were "properly labeled 'procedural' or 'substantive,' " the above language from section 4 of the Statute on Statutes meant that if the changes mitigated a punishment, they could not be applied to defendants who were sentenced before the statute took effect. *Id.* ¶¶ 52-54. In so holding, it noted a prior decision, wherein it held "that the defendant was not entitled to be resentenced under the new criminal code, which went into effect just 13 days after he was sentenced, because, under section 4, 'a punishment mitigated by a new law is applicable only to judgments after the new law takes effect.' " *Id.* ¶ 54 (quoting *People v. Hansen*, 28 Ill. 2d 322, 340-41, 192 N.E.2d 359, 369 (1963)).

¶ 40    Defendant does not dispute that applying the July 2021 amendment to section 5-4.5-95(b) to his case would subject him to a less severe range of penalties. However, he attempts to distinguish *Hunter* on the basis that the amendments at issue in that case took effect while the defendants' cases were pending on appeal and not in the trial court. See *id.* ¶ 46. According to defendant, because the amendment to section 5-4.5-95(b) that is at issue in this case took effect

while his case was "ongoing" in the trial court, the sentencing amendments may be applied retroactively to him under section 4 of the Statute on Statutes. We note, however, that the court's rationale in *Hunter* was not based upon the fact that the defendants' cases were pending on appeal rather than in the trial court when the amendments took effect, but explicitly on the fact that the defendants "were sentenced well before" the sentence amendments took effect. *Id.* ¶ 55.

¶ 41 Defendant's position on appeal is also directly refuted by the supreme court's decision in *People v. Lisle*, 390 Ill. 327, 61 N.E.2d 381 (1945). There the court stated that section 4 of the Statute on Statutes "does not give the defendant the right to be sentenced under a law not in full force and effect at the time of his sentence." *Id.* at 328. The court held section 4 "could only apply to those classes of cases in which a new law had become effective prior to the date of the actual sentence." *Id.*

¶ 42 Defendant argues *Lisle* should not be held to control or inform the issue in this case because the supreme court's decision "does not specify whether that case was pending on appeal or in the trial court when the amendment became effective." He also argues that *Lisle* was decided before Rule 604(d) became effective and asserts as follows:

> "Based on Rule 604(d), a timely post[ ]plea motion is a prerequisite to an appeal from a guilty plea. Therefore, the order denying such a motion is the final judgment. [Citation.] As such, there is no final judgment that can be appealed prior to the denial of a post[ ]plea motion. Accordingly, it is at least a reasonable interpretation of [section 4 of the Statute on Statutes] that the judgment had not been 'pronounced' until the motion to reconsider sentence was denied."

¶ 43 We find *Lisle* is applicable to the present case and that defendant's arguments lack merit. Like *Hunter*, the court's decision in *Lisle* clearly states that section 4 of the Statute on

Statutes can "only apply to those classes of cases in which a new law had become effective prior to the date of the actual sentence." *Id.* Thus, the operative time for determining whether a new law that mitigates a punishment can apply retroactively is the date of sentencing. The supreme court did not limit or qualify its explicit holding in any way.

¶ 44      Further, supreme court case authority also refutes defendant's contention that there was no final judgment in his case until the denial of his postplea motion to reconsider. To support his contention, defendant cites *People v. Feldman*, 409 Ill. App. 3d 1124, 1127, 948 N.E.2d 1094, 1098 (2011), wherein the Fifth District held that for defendants who plead guilty, it is the order denying a postplea motion that is the final judgment in the case. Recently, however, in *People v. Walls*, 2022 IL 127965, ¶ 23, the supreme court overruled *Feldman* as to that proposition of law. The court reaffirmed its "long-standing case law holding that imposition of a sentence constitutes the final judgment in a criminal case" and stated that the holding in *Feldman* was "not supported by the plain language of [the court's] rules." *Id.* ¶¶ 23-24. Accordingly, the date of the final judgment in defendant's case was the date of his sentencing, not the date the trial court denied his postplea motion.

¶ 45      In his reply brief, defendant additionally cites to two recent appellate court decisions which have addressed the precise issue presented by this case but with conflicting results—the Second District's decision in *People v. Spears*, 2022 IL App (2d) 210583, and the Third District's decision in *People v. Foster*, 2022 IL App (3d) 210342-U. The factual circumstances in those cases are nearly identical to the factual circumstances of this case. In both, the defendants (1) pleaded guilty to either a Class 1 or Class 2 felony and were sentenced as Class X offenders under the version of section 5-4.5-95(b) in effect prior to July 2021; (2) filed postplea motions that were denied and, on appeal, had their cases remanded for compliance with Rule

604(d); and (3) had continued postplea proceedings on remand after the July 2021 amendment to section 5-4.5-95(b) took effect. *Spears*, 2022 IL App (2d) 210583, ¶¶ 3-15; *Foster*, 2022 IL App (3d) 210342-U, ¶¶ 4-7.

¶ 46    In *Spears*, the defendant argued on appeal that the trial court erred in denying his amended motion to reconsider his sentence because "he was entitled to elect the benefit of the amendment to section 5-4.5-95 of the Code that took effect after sentencing but before the trial court ruled on his amended motion to reconsider the sentence." *Spears*, 2022 IL App (2d) 210583, ¶ 19. The Second District agreed and remanded for a new sentencing hearing. *Id.* ¶ 29. In reaching its decision, the court noted the supreme court's statements in *Hunter* that, under section 4 of the Statute on Statutes, procedural law changes applied retroactively to ongoing or pending cases. *Id.* ¶ 23. It found that because the defendant's case was "pending" in the trial court when the July 2021 amendment to section 5-4.5-95(b) took effect, that amendment applied retroactively to defendant's case. *Id.* ¶ 27.

¶ 47    The *Spears* court determined that denying the defendant relief would lead to an "absurd result" because if he had been entitled to resentencing on any other ground "the amended version of section 5-4.5-95(b) of the Code would have applied at [the] defendant's new sentencing hearing." *Id.* ¶ 28. The court also relied on *Feldman*, in finding that rather than the trial court's imposition of the defendant's sentence, it was "the order denying [the defendant's] amended motion to reconsider the sentence that act[ed] as the final judgment in" his case. *Id.* ¶ 29.

¶ 48    Defendant urges this court to follow *Spears*. We note, however, that the *Spears* court did not address the supreme court's statements in either *Hunter* or *Lisle* that, under section 4 of the Statute on Statutes, a new sentencing law that mitigates punishment may only be applied in cases where the new law is effective before the date of the defendant's actual sentencing. *Hunter*,

2017 IL 121306, ¶ 52-54; *Lisle*, 390 Ill. at 328. Additionally, the Second District's analysis relied heavily on the proposition of law set forth in *Feldman* that the final judgment in the defendant's case was the denial of his motion to reconsider and not the imposition of sentence. As discussed, that proposition of law was explicitly overruled by the supreme court in *Walls*. Finally, in *Hunter*, despite finding mitigating sentencing amendments were inapplicable to the defendants because they became effective after the defendants were sentenced, the court contemplated that the new laws would have applied in the event that resentencing was warranted for some other reason. *Hunter*, 2017 IL 121306, ¶ 55 (noting the defendants made "no claim that error occurred in the trial court that would require vacatur of their sentences and remand for resentencing, thus giving them the option to be sentenced under" the new sentencing provisions). The supreme court noted no absurdity that would result from such an occurrence. Given these circumstances, we decline defendant's invitation to follow *Spears*.

¶ 49     Instead, we find the reasoning of *Foster* is more convincing. Although *Foster* is an unpublished decision, it may provide persuasive authority on review. See Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021) (stating that a nonprecedential order entered under Rule 23(b) "may be cited for persuasive purposes"). In that case, the defendant argued on appeal that his postplea counsel was ineffective for failing to raise the issue of the July 2021 amendment to section 5-4.5-95(b) in connection with the defendant's motion to reconsider his sentence. *Foster*, 2022 IL App (3d) 210342-U, ¶ 10. The Third District determined the defendant's postplea counsel was not ineffective and that the "defendant was not entitled to have the new statute applied to his sentence through his motion to reconsider." *Id.* ¶¶ 13-14.

¶ 50     To support its holding, the Third District relied on the proposition of law set forth in both *Lisle* and *Hunter* that a new sentencing law can only apply when it takes effect prior to the

date of a defendant's sentence. *Id.* ¶ 14 (citing *Lisle*, 390 Ill. at 328, and *Hunter*, 2017 IL 121306, ¶ 54). Additionally, it noted that under section 4 of the Statute on Statutes, a new law that mitigates a sentence may only " 'be applied to any judgment *pronounced after the new law takes effect*.' " (Emphasis in original.) *Id.* ¶ 15 (quoting 5 ILCS 70/4 (West 2020)). It pointed out that in the case before it, the "judgment was pronounced" in July 2018, "when the [trial] court entered the [defendant's] sentence," and three years before the new sentencing law became effective. *Id.* ("The fact that [the] defendant could ask the court to reconsider his sentence does not change the fact that the judgment had been pronounced.").

¶ 51        In this case, like in *Foster*, defendant was sentenced well before the July 2021 amendment to section 5-4.5-95(b) became effective. Accordingly, he was not entitled to have the new version of the statute applied to his case. Because defendant's contention lacks merit, he cannot establish that Luchtenberg, his postplea counsel, was ineffective for failing to raise it in connection with his motion to reconsider his sentence.

¶ 52              B. Counsel's Compliance With Rule 604(d)

¶ 53        On appeal, defendant also argues that Luchtenberg failed to comply with the requirements of Rule 604(d). He asserts that although Luchtenberg filed a facially valid certificate, the record refutes its validity. In particular, defendant points out that during postplea proceedings, Luchtenberg (1) did not argue or support with an affidavit the one claim that was included in the amended postplea motion that he filed on defendant's behalf and (2) only argued an excessive sentence claim that was not included within the amended motion. He seeks remand for further postplea proceedings.

¶ 54        "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7, 48 N.E.3d

1071. The rule requires that the defendant's postplea counsel file a certificate with the trial court that asserts the following:

"1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;

2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings." Ill. S. Ct. Rs. Art. VI Forms Appendix R. 604(d).

The purpose of the rule is to ensure that before the defendant appeals from his guilty plea, the trial judge who presided over the plea proceedings is " 'given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom.' " *H.L.*, 2015 IL 118529, ¶ 9 (quoting *People v. Wilk*, 124 Ill. 2d 93, 104, 529 N.E.2d 218, 221-22 (1988)).

¶ 55          Postplea counsel must strictly comply with Rule 604(d)'s certification requirement. *Id.* ¶ 8. "Strict compliance requires counsel to prepare a certificate that meets the content requirements of the rule and to file the certificate with the trial court." *Id.* ¶ 25. The failure to strictly comply with Rule 604(d) "requires 'a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion.' " *People v. Gorss*, 2022 IL 126464, ¶ 19, 194 N.E.3d 490 (quoting *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994)). Additionally, even a facially valid certificate may be refuted by the record. *People v. Curtis*, 2021 IL App (4th) 190658, ¶¶ 36-37, 186 N.E.3d 467; see *People v.*

*Winston*, 2020 IL App (2d) 180289, ¶ 14, 155 N.E.3d 1125 ("[E]ven when the certificate is valid on its face, a remand will be necessary if the record refutes the certificate."). The question of whether counsel complied with Rule 604(d) is a legal question that is subject to *de novo* review. *Gorss*, 2022 IL 126464, ¶ 10,

¶ 56 Here, Luchtenberg filed a Rule 604(d) certificate that was facially compliant with the rule. Defendant argues, however, that the record refutes Luchtenberg's certification because it shows he did not make amendments to defendant's postplea motion that were necessary for the adequate presentation of defendant's claims. Ultimately, we find the record does not support defendant's claim of entitlement to further postplea proceedings.

¶ 57 As argued by the State, in *People v. Shirley*, 181 Ill. 2d 359, 369, 692 N.E.2d 1189, 1194 (1998), the supreme court rejected the "premise that the strict compliance standard *** must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing." Instead, the court held that "[w]here *** the defendant was afforded a full and fair second opportunity to present a [postplea motion], [there is] limited value in requiring a repeat of the exercise, absent a good reason to do so." *Id.*

¶ 58 In this case, the record shows defendant was afforded a full and fair opportunity to present his postplea claims. First, nothing in the record casts doubt on Luchtenberg's certifications that he consulted with defendant and reviewed the trial court file and report of proceedings in connection with both defendant's guilty plea and his sentencing. In fact, at the postplea hearing on remand, defendant explicitly stated to the court that he had enough time to speak with Luchtenberg about postplea issues.

¶ 59 Second, although on remand Luchtenberg filed a motion to withdraw guilty plea on defendant's behalf, the record shows defendant elected not to pursue that claim. We note defendant

explicitly made the same decision during his initial postplea hearing, and nothing in the record suggests it was not his desire to forego such a claim on remand. Defendant also makes no argument on appeal that a meritorious claim for withdrawal of his guilty plea exists.

¶ 60        Third, the record supports a finding that defendant was able to pursue the reconsideration of his sentence fully and fairly on remand. Although Luchtenberg did not file a motion for reconsideration of defendant's sentence, he represented to the trial court that defendant wanted to seek reconsideration "going back to what [defendant] brought up at the past hearing." Luchtenberg stated he was stipulating to the arguments made at defendant's prior postplea hearing in which he presented an excessive sentence claim. He also presented additional argument to the court based on the amendment of section 5-4.5-95(b) of the Code. Defendant contends a full and fair hearing did not occur because Luchtenberg's actions resulted in no issues being preserved for appeal. However, because the excessive sentence claim was presented to and considered by the court, it was preserved for review and could have been raised by defendant on appeal. See *People v. Heider*, 231 Ill. 2d 1, 18, 896 N.E.2d 239, 249 (2008) ("[W]here the trial court clearly had an opportunity to review the same essential claim that was later raised on appeal, *** there was no forfeiture.").

¶ 61        Under the circumstances presented, the record reflects that defendant was afforded a full and fair second opportunity to present his motion for reconsideration of his sentence, the only motion he chose to pursue during the proceedings below. We find remand for further posptlea proceedings is unwarranted.

¶ 62                                III. CONCLUSION

¶ 63        For the reasons stated, we affirm the trial court's judgment.

¶ 64        Affirmed.

*People v. Brown*, 2023 IL App (4th) 220400

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Boone County, No. 17-CF-202; the Hon. Robert Tobin, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Christopher McCoy, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Tricia L. Smith, State's Attorney, of Belvidere (Patrick Delfino, David J. Robinson, and David E. Mannchen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |