**2022 IL 127965**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS


_____


(Docket No. 127965)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
ITASHA WALLS, Appellant.


*Opinion filed November 28, 2022.*


JUSTICE CARTER delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Anne M. Burke, Neville, Michael J. Burke, and Overstreet concurred in the judgment and opinion.

Justice Holder White took no part in the decision.


**OPINION**

¶ 1        This case presents the issue of whether a defendant's motion for rehearing of the denial of his Rule 604(d) motion to reconsider his sentence tolled the time for filing his notice of appeal. See Ill. S. Ct. R. 604(d) (eff. Feb. 1, 2005). We hold that the time for filing a notice of appeal began to run after the trial court denied the

defendant's Rule 604(d) postsentencing motion, and the subsequent motion for rehearing filed by the defendant did not toll the time for filing his direct appeal. The appellate court correctly held that the defendant's notice of appeal filed long after the denial of his Rule 604(d) motion to reconsider his sentence failed to confer jurisdiction on the appellate court to hear the direct appeal. We, therefore, affirm the appellate court's judgment and remand to the trial court for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3        In December 2003, defendant Itasha[1] Walls was charged in Sangamon County circuit court with various offenses based on allegations that he shot and killed Kendrix Morgan and Clarence Perkins and shot and injured Michael Cummings. In July 2005, defendant pleaded guilty to two counts of second degree murder (720 ILCS 5/9-2 (West 2002)) and one count of aggravated battery with a firearm (*id.* § 12-4.2). The trial court sentenced defendant to three consecutive 15-year prison terms.

¶ 4        In September 2005, defendant timely filed a motion to reconsider his sentences, arguing that they were excessive and that they disregarded his potential for rehabilitation. The trial court denied defendant's motion on October 14, 2005. In November 2005, defendant filed a "Motion for Rehearing of Motion to Reconsider Sentence," arguing that his attorney had failed to comply with Rule 604(d) because he did not review the transcript of the guilty plea hearing or file a Rule 604(d) certificate of compliance. Based on the alleged error, defendant asked for a rehearing of his motion to reconsider his sentences.

¶ 5        The case was then delayed for more than four years until April 2010, when defendant filed a *pro se* "Motion to Vacate or Redress a Void Sentence." In his motion, defendant sought relief under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2008)). The trial court appointed

---

[1]Defendant was indicted under the name "Itasha Walls" and signed his name that way in entering his plea. Subsequent filings by counsel, including his September 2005 motion to reconsider sentence, spell his name "Itassa Walls." Defendant's *pro se* motion in April 2010 spells his name "Itasa Walls." Defendant's briefs before this court maintain the spelling "Itasha Walls" in congruity with the case caption from the circuit court, while noting that his name is properly spelled "Itassa Walls." For the sake of consistency, we maintain the circuit court's rendering as well.

attorney Mark Wycoff to represent defendant on his petition. After the State filed a motion to dismiss the petition, the trial court granted Wycoff's motion for leave to withdraw and, in November 2010, appointed attorney Michael Costello to represent defendant. Following that appointment, the case was delayed again for several years with no apparent progress toward a resolution. In its order, the appellate court detailed more fully what it characterized as the "lengthy periods of inaction" in this case. See 2021 IL App (4th) 200147-U, ¶¶ 8-13.

¶ 6        Finally, in February 2019, defendant filed an "Amended Petition to Vacate or Redress a Void Sentence," seeking relief under both section 2-1401 of the Code and the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)). In April 2019, defendant filed a second amended petition, alleging that his sentences were void and excessive, that he received ineffective assistance of counsel, and that he was denied due process of law. The State filed a motion to dismiss defendant's pleadings.

¶ 7        In July 2019, the trial court conducted a hearing and concluded that the case was "still at the motion to reconsider sentencing stage because a [Rule 604(d)] certificate was never filed by [defendant's] trial counsel." The trial court directed defendant's attorney to comply with Rule 604(d) by consulting with defendant about his contentions of error, reviewing the plea proceedings, and filing "any amended motions." The trial court's docket entry further explained that defendant's original motion to reconsider his sentence remained pending and unresolved due to the absence of a Rule 604(d) certificate of compliance. The trial court, therefore, struck all subsequent motions and petitions filed by defendant.

¶ 8        In February 2020, defendant filed an amended motion to reconsider his sentences, alleging that his sentence for aggravated battery with a firearm was void, the trial court erred in ordering his sentences to run consecutively, the trial court erred in imposing the same sentences for him and his codefendant, his sentences were excessive, and the trial court failed to give adequate weight to mitigating factors. Defendant's attorney filed a Rule 604(d) certificate of compliance. The trial court subsequently denied defendant's amended motion to reconsider his sentences. On March 6, 2020, defendant filed a notice of appeal.

¶ 9        On appeal, defendant renewed many of the claims raised in his amended motion to reconsider his sentences. 2021 IL App (4th) 200147-U, ¶ 16. The appellate court

held that defendant's direct appeal from the denial of his amended motion to reconsider his sentences was untimely, however. Defendant's motion to reconsider his sentences was denied in October 2005. Under Illinois Supreme Court Rule 606(b) (eff. Dec. 1, 1999), defendant had 30 days from that date to file a notice of appeal. Defendant did not meet that deadline. Therefore, the appellate court held it did not have subject-matter jurisdiction to consider the appeal. 2021 IL App (4th) 200147-U, ¶ 19.

¶ 10     The appellate court further held that the trial court erred in finding the proceedings on defendant's original motion to reconsider his sentences remained " 'pending and unresolved' " due to his attorney's noncompliance with Rule 604(d). *Id.* ¶ 20. The appellate court explained that the requirements in Rule 604(d) are not jurisdictional. *Id.* While failure to file a Rule 604(d) certificate of compliance is error, the absence of a certificate does not render the trial court's decision on a postplea motion void. *Id.* ¶ 21. A timely filed notice of appeal is the only step required to confer jurisdiction on the appellate court. *Id.*

¶ 11     In this case, despite the absence of a Rule 604(d) certificate, the postplea proceedings concluded when the trial court denied defendant's motion to reconsider his sentences in October 2005. The direct appeal filed more than 14 years later was untimely. *Id.* ¶¶ 22, 28. The appellate court, therefore, vacated the trial court's order striking the collateral proceedings and remanded for further proceedings on those pleadings. *Id.* ¶ 28.

¶ 12     We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2021).

¶ 13                                    II. ANALYSIS

¶ 14     On appeal to this court, defendant contends that his motion for rehearing of the denial of his motion to reconsider his sentences tolled the time for filing an appeal. In *People v. Feldman*, 409 Ill. App. 3d 1124, 1127 (2011), the appellate court held that a notice of appeal is timely if it is filed within 30 days after the denial of a motion to reconsider the denial of a postplea motion. Defendant argues that the appellate court's decision in *Feldman* is consistent with Rules 604(d) and 606(b). Defendant maintains that, when read together, the rules provide that a notice of

appeal following a guilty plea must be filed "either within 30 days of the denial of the post-plea motion, or alternatively, within 30 days of the denial of the Rule 606(b) motion to reconsider the ruling on the Rule 604(d) postplea motion, should a Rule 606(b) motion be filed." Defendant, therefore, contends that his notice of appeal was timely because it was filed within 30 days after the trial court denied his motion for rehearing of the denial of his motion to reconsider his sentences.

¶ 15 The State responds that Rules 604(d) and 606(b) plainly required defendant to file his notice of appeal within 30 days after the denial of his motion to reconsider his sentence. By permitting only one postsentencing motion, the rules are intended to give trial courts an opportunity to correct any errors prior to appeal while also ensuring the finality of judgments. The rule against successive postjudgment motions would be violated if a motion to reconsider the denial of a Rule 604(d) motion tolled the time for filing an appeal. The State concludes that defendant's motion to reconsider the denial of his motion to reconsider the sentence is redundant and undermines the interest in the finality of judgments.

¶ 16 The resolution of this appeal requires interpretation of Rules 604(d) and 606(b). When construing our supreme court rules, we apply the same principles that govern interpreting statutes. *People v. Smith*, 2022 IL 126940, ¶ 12. Our objective is to ascertain and give effect to the intent of the drafters, and the best evidence of that intent is the language of the rules, given its plain and ordinary meaning. *People v. Gorss*, 2022 IL 126464, ¶ 10. When the language of the rules is clear and unambiguous, we must apply it as written without further aids of construction. *People v. Deroo*, 2022 IL 126120, ¶ 19. We review the interpretation of our supreme court rules *de novo*. *People v. Salem*, 2016 IL 118693, ¶ 11.

¶ 17 Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) provides,[2] in pertinent part:

---

[2]At the time defendant filed his motion, Rule 604(d) varied from its current text in what was required of the defendant's attorney: counsel was to file a certificate stating that the attorney had "consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, ha[d] examined the trial court file and report of proceedings of the plea of guilty, and ha[d] made any amendments to the motion necessary for adequate presention of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Feb. 1, 2005).
The subsequent amendments to Rule 604(d) are not at issue in this appeal.

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

\* \* \*

\*\*\* The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.

The motion shall be heard promptly, and if allowed, the trial court shall modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion. Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived."

¶ 18 Rule 606(b) provides the time for perfecting an appeal. It states, in relevant part:

"Except as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. Dec. 1, 1999).

Under the rules, filing a notice of appeal is the only jurisdictional step in perfecting an appeal. Ill. S. Ct. R. 606(a) (eff. Dec. 1, 1999).

¶ 19 Our rules plainly required defendant to file his notice of appeal within 30 days after entry of the trial court's order disposing of his motion directed against the final

judgment. This court has consistently and repeatedly held that " '[t]he final judgment in a criminal case is the sentence.' " *People v. Abdullah*, 2019 IL 123492, ¶ 19 (quoting *People v. Caballero*, 102 Ill. 2d 23, 51 (1984)). Defendant was sentenced on August 31, 2005, and he timely filed a Rule 604(d) postjudgment motion to reconsider his sentence on September 30, 2005. The trial court denied that motion directed against the final judgment on October 14, 2005. Under the plain language of Rule 606(b), defendant was required to file his notice of appeal within 30 days after October 14, 2005. Defendant filed his notice of appeal more than 14 years later, on March 6, 2020.

¶ 20      Defendant, nonetheless, argues that the time for filing his appeal was tolled by his motion for rehearing of the denial of his motion to reconsider his sentences. In support of his argument, defendant urges this court to adopt the construction of the rules contained in *Feldman*, 409 Ill. App. 3d 1124. In that case, the trial court denied the defendant's motion to withdraw his guilty plea on May 22, 2009. *Id.* at 1126. The defendant filed a motion to reconsider that decision, and the trial court denied that motion on June 29, 2009. *Id.* The defendant then filed a notice of appeal on July 17, 2009. *Id.*

¶ 21      In considering its jurisdiction, the appellate court determined that the notice of appeal was timely because it was filed within 30 days after the denial of the motion to reconsider. *Id.* at 1127. The appellate court reasoned that the order denying the defendant's motion to withdraw his guilty plea was the final judgment because he could not file an appeal without first filing that motion. *Id.* Because the denial of the motion to withdraw the guilty plea was the final judgment, a motion to reconsider that denial did not violate the general rule against successive postjudgment motions. *Id.* The motion to reconsider also allowed the trial court an opportunity to correct any error in the denial of the original motion to withdraw the guilty plea. *Id.* Accordingly, the appellate court concluded that it had jurisdiction to consider the appeal because the notice of appeal was filed within 30 days of the denial of the motion to reconsider. *Id.*

¶ 22      Defendant contends that the plain language of Rules 604(d) and 606(b) supports the appellate court's decision in *Feldman*. According to defendant, "to appeal after a guilty plea, the defendant must file a notice of appeal either within 30 days of the denial of the post-plea motion, or alternatively, within 30 days of the denial of the

Rule 606(b) motion to reconsider the ruling on the Rule 604(d) post-plea motion, should a Rule 606(b) motion be filed." Thus, defendant maintains that the rules contemplate more than one postsentencing motion in guilty plea cases.

¶ 23　　We disagree. The decision in *Feldman* hinged on the appellate court's determination that the denial of the defendant's motion to withdraw his guilty plea constituted the final judgment in that case. But the appellate court in *Feldman* did not consider or address our long-standing case law holding that imposition of a sentence constitutes the final judgment in a criminal case. As noted above, we have consistently held that " '[t]he final judgment in a criminal case is the sentence.' " *Abdullah*, 2019 IL 123492, ¶ 19 (quoting *Caballero*, 102 Ill. 2d at 51).

¶ 24　　Additionally, the *Feldman* court's decision and defendant's argument are not supported by the plain language of our rules. Rule 604(d) governs appeals by defendants following guilty pleas, and it refers only to "a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. Feb. 1, 2005). Rule 604(d) further states that, "[i]f the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion." *Id.* Rule 606, therefore, provides the time for filing a notice of appeal following the denial of a Rule 604(d) motion to reconsider the sentence or to withdraw the guilty plea. The only postsentencing motions contemplated by Rules 604(d) and 606(b) in this context are a motion to reconsider the sentence and a motion to withdraw the guilty plea. Rule 606(b) provides a 30-day time period for filing an appeal following the denial of one of those Rule 604(d) motions directed against the final judgment. Ill. S. Ct. R. 606(b) (eff. Dec. 1, 1999). The appellate court's contrary decision in *Feldman* is, therefore, overruled.

¶ 25　　Rule 604(d) is intended to ensure that trial courts have an opportunity to correct any potential errors in guilty pleas and sentences prior to appeal, while witnesses are available and memories are fresh. See *Gorss*, 2022 IL 126464, ¶ 15. We have also emphasized the importance of promoting the finality of judgments by preventing repeated or successive postjudgment motions that only prolong the proceedings. See *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981). The plain language of Rules 604(d) and 606(b) furthers those purposes by giving trial courts an

opportunity to correct any potential errors prior to appeal while also preventing unnecessary delay, redundancy, and potential confusion from successive postjudgment motions.

¶ 26    In sum, our rules require filing a notice of appeal within 30 days after the denial of a Rule 604(d) postjudgment motion to either reconsider a sentence or to withdraw a guilty plea. A successive postjudgment motion to reconsider the denial of a Rule 604(d) motion does not toll the time for filing an appeal. The only jurisdictional step in perfecting an appeal is timely filing a notice of appeal. Ill. S. Ct. R. 606(a) (eff. Dec. 1, 1999). As the appellate court held, the notice of appeal in this case was untimely, and it failed to confer jurisdiction to consider the direct appeal. 2021 IL App (4th) 200147-U, ¶ 28.

¶ 27    We therefore remand this case to the trial court with directions to reinstate the section 2-1401 and postconviction petitions filed by defendant and for further proceedings on those pleadings. We note that the appellate court observed in closing that the collateral proceedings in this case have been "inexcusably protracted and marked by lengthy periods of inaction." The appellate court cautioned that "[t]he same should not occur on remand." *Id.* We share the appellate court's concern about the delays in this case. For unexplained reasons, this case has been delayed for periods of years at a time following the trial court's denial of defendant's Rule 604(d) motion to reconsider his sentences and the filing of defendant's collateral pleadings. To say the least, the delays have been prolonged. We agree with the appellate court's admonition that further unnecessary delays should be strictly avoided on remand.

¶ 28                                III. CONCLUSION

¶ 29    For the reasons stated above, we affirm the appellate court's judgment that it lacked jurisdiction to consider this direct appeal. We remand to the trial court to reinstate defendant's collateral pleadings and for further proceedings on those pleadings.

¶ 30    Appellate court judgment affirmed.

¶ 31        Cause remanded with directions.

¶ 32        JUSTICE HOLDER WHITE took no part in the consideration or decision of this case.