**2024 IL 129585**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

---

(Docket No. 129585)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
ALVIN BROWN, Appellant.

*Opinion filed November 14, 2024.*

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Neville, Overstreet, Rochford, and O'Brien concurred in the judgment and opinion.

Justice Cunningham specially concurred, with opinion.

## OPINION

¶ 1    In October 2019, defendant, Alvin Brown, pleaded guilty to driving while license revoked (DWLR) (625 ILCS 5/6-303(a), (d-5) (West 2016)). Based on his criminal history, the Boone County circuit court sentenced him to nine years in prison as a Class X offender under section 5-4.5-95(b) of the Unified Code of

Corrections (Unified Code) (730 ILCS 5/5-4.5-95(b) (West 2018)). The court later denied his postplea motion, and the appellate court affirmed. 2023 IL App (4th) 220400, ¶ 1.

¶ 2    Now on appeal, defendant argues (1) he is entitled to elect the benefit of a Class X recidivism provision that took effect after sentencing but before the circuit court ruled on his postplea motion and (2) defense counsel failed to comply with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In July 2017, a grand jury indicted defendant on one count of DWLR (625 ILCS 5/6-303(a), (d-5) (West 2016)), a Class 2 felony, alleging he drove a motor vehicle on a state highway at a time when (1) his driving privileges had been revoked due to his commission of the offense of driving under the influence of alcohol and (2) he had 14 prior violations for DWLR. The bill of indictment indicated defendant was subject to Class X sentencing.

¶ 5    In October 2019, defendant entered an open guilty plea to the offense. At the plea hearing, the circuit court admonished him that, based on his criminal history, he was subject to sentencing as a Class X offender with a possible sentencing range of 6 to 30 years in prison. Defendant indicated he understood. Following a factual basis, the court accepted his guilty plea, finding it knowing and voluntary.

¶ 6    In November 2019, the circuit court conducted defendant's sentencing hearing. At that time, the applicable sentencing statute, section 5-4.5-95(b) of the Unified Code (730 ILCS 5/5-4.5-95(b) (West 2018)), provided as follows:

"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony *** after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now (the date the Class 1 or Class 2 felony was committed) classified in Illinois as a Class 2 or greater Class felony, *** and those charges are separately brought and tried and arise out of different series of acts, that defendant shall be sentenced as a Class X offender. This subsection does not apply unless:

(1) the first felony was committed after February 1, 1978 ***;

(2) the second felony was committed after conviction on the first; and

(3) the third felony was committed after conviction on the second."

¶ 7 In support of a Class X sentence, the State's exhibits showed defendant had prior felony convictions for (1) burglary, a Class 2 offense committed in September 1978, and (2) rape, a Class X offense committed in July 1981. The State also submitted evidence indicating defendant was on bond for a March 2017 DWLR charge when he committed the underlying offense in this case. The State sought a 10-year sentence.

¶ 8 For the defense, defendant's sister-in-law, his ex-wife, and his two children testified on his behalf. Defendant testified he was 64 years old and stated his lengthy criminal history was the result of "a very bad drug problem." Defense counsel asked the circuit court to impose a six-year sentence.

¶ 9 The circuit court sentenced defendant to nine years in prison and ordered the sentence to be served consecutively to the sentence imposed in Winnebago County case No. 17-CF-607.

¶ 10 In December 2019, defendant filed a *pro se* motion to withdraw his guilty plea and vacate his sentence, claiming he was forced to plead guilty after his attorney told him he would receive a 20-year prison sentence if he went to trial. His *pro se* motion for reduction of sentence lacked any specific reasons in support of a reduction, containing only a boilerplate request asking the circuit court to review his sentence due to "a litany of substantial extenuating circumstances." The court appointed counsel.

¶ 11 In July 2020, defense counsel filed a certificate of compliance pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), stating he had consulted with defendant by phone to ascertain his contentions of error in the sentence, examined the circuit court file and report of proceedings of the sentencing hearing, and elected not to file an amended motion.

¶ 12 At the hearing on the postplea motions, counsel indicated defendant did not want to pursue his motion to vacate the guilty plea. Defendant agreed he did not want to withdraw his plea. Counsel then argued the nine-year Class X sentence was

excessive and that defendant should have been sentenced as a Class 2 offender. The circuit court denied the motion, finding the sentence appropriate.

¶ 13   Defendant appealed, and the Office of the State Appellate Defender was appointed to represent him. In November 2020, appellate counsel filed an unopposed motion for summary remand, requesting remand for additional proceedings under Rule 604(d) due to postplea counsel's deficient certificate of compliance. The motion alleged counsel's certificate was deficient, as it did not certify he consulted with defendant about both his contentions of error in the guilty plea and the sentencing hearing.

¶ 14   In granting the motion, the Second District vacated the denial of defendant's postplea motion and remanded the matter to the circuit court for the filing of a valid Rule 604(d) certificate, the opportunity for defendant to file a motion to withdraw the guilty plea and/or reconsider the sentence, and a hearing on any motions. *People v. Brown*, No. 2-20-0432 (Dec. 4, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)) (granting defendant's unopposed motion for summary remand).

¶ 15   At a January 2021 status hearing, the circuit court asked defense counsel if he had communicated with defendant as to his wishes regarding the filing of a new motion to withdraw. Counsel indicated he had spoken with defendant, who simply wanted counsel to file a new certificate. The court inquired of defendant, telling him he had two options—counsel could file a new certificate and proceed with the appeal, or defendant could renew his motion to withdraw his guilty plea and have a hearing. Defendant indicated he wanted counsel to file a new certificate and to return to the appellate court.

¶ 16   In February 2021, defense counsel filed a new Rule 604(d) certificate, asserting as follows:

"1. I have consulted with the Defendant in person, by mail, by phone or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;

2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 17    Effective July 1, 2021, the General Assembly amended section 5-4.5-95(b) (see Pub. Act 101-652, § 10-281 (eff. July 1, 2021) (amending 730 ILCS 5/5-4.5-95(b)). The amended version of the statute provided that for Class X sentencing to apply, a defendant had to be convicted of "a Class 1 or Class 2 forcible felony" offense and have prior qualifying convictions that were also forcible felonies. See *id.*

¶ 18    In March 2022, defendant filed a motion to withdraw his guilty plea and vacate the sentence, arguing he did not understand the consequences or the effect of his plea.

¶ 19    In May 2022, the circuit court conducted a hearing on the postplea motion. Defense counsel filed a third Rule 604(d) certificate, which was similar to the one filed in February 2021. Counsel indicated defendant did not intend to seek withdrawal of his guilty plea, only that the consequences of his sentence be reconsidered. Counsel pointed out the "changes in the law" and noted that, although "not retroactive," the previous enhancements would not apply to defendant at the current time. The court denied the motion to reconsider the sentence, finding the sentence "appropriate," "proper," and "merited" by defendant's actions.

¶ 20    Defendant appealed, arguing (1) he was entitled to remand for resentencing because he was not given the opportunity "to elect the benefit of" amendments to section 5-4.5-95(b), which made the statute inapplicable to his case and took effect after his sentencing but before the circuit court ruled on his postplea motion, and (2) the record refuted counsel's certification of compliance under Rule 604(d), entitling him to further postplea proceedings.

¶ 21    The Fourth District affirmed. 2023 IL App (4th) 220400, ¶ 1. Pertaining to the amendment to section 5-4.5-95(b), the appellate court found the doctrine of invited error precluded defendant's claim that he was entitled to retroactive application of the amended statute. *Id.* ¶ 30. The court also found that, because defendant was not entitled to have the new version of the statute applied to his case, defense counsel was not ineffective for failing to raise the argument in the motion to reconsider the sentence. *Id.* ¶ 51.

¶ 22    Regarding the Rule 604(d) issue, the appellate court found defense counsel filed a certificate that was facially compliant with Rule 604(d). *Id.* ¶ 56. The court also found the record indicated defendant had been afforded a full and fair second opportunity to present his motion for reconsideration of his sentence and that further postplea proceedings were unwarranted. *Id.* ¶ 61.

¶ 23    In April 2023, defendant petitioned this court for leave to appeal, and we allowed that petition. Ill. S. Ct. R. 315 (eff. Oct. 1, 2021).

¶ 24                                    II. ANALYSIS

¶ 25                        A. Resentencing and Statutory Amendments

¶ 26    Defendant argues he was entitled to elect the benefit of a Class X recidivism provision that took effect after sentencing but before the circuit court ruled on his postplea motion. The State initially argues the invited-error doctrine precludes defendant from claiming he is entitled to resentencing under the amended statute, as defense counsel explicitly argued the amendment was not retroactive. Defendant, however, responds that, regardless of whether this court agrees with the State's argument, we must still consider the merits of the issue because defense counsel was ineffective for failing to argue he was entitled to sentencing under the more favorable version of section 5-4.5-95(b).

¶ 27    A defendant's claim of ineffective assistance of counsel is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Jones*, 2023 IL 127810, ¶ 51. To prevail on an ineffectiveness claim, "a defendant must show both that (1) counsel's performance was deficient and (2) the deficient performance prejudiced defendant such that he was deprived of a fair trial." *People v. Cross*, 2022 IL 127907, ¶ 19 (citing *Strickland*, 466 U.S. at 687).

¶ 28    To establish deficient performance, the defendant must show "counsel's performance 'fell below an objective standard of reasonableness.' " *People v. Valdez*, 2016 IL 119860, ¶ 14 (quoting *Strickland*, 466 U.S. at 688). Prejudice is established when a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Evans*, 209 Ill. 2d 194, 219-20 (2004) (citing *Strickland*, 466 U.S. at 687,

694). A defendant must satisfy both prongs of the *Strickland* standard, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Clendenin*, 238 Ill. 2d 302, 317-18 (2010).

¶ 29    Whether counsel is ineffective is a question of law subject to *de novo* review. *People v. Johnson*, 2021 IL 126291, ¶ 52. Moreover, where we are called upon to employ statutory construction to determine whether a statutory amendment applies to defendant's case, that analysis is also subject to *de novo* review. *People v. Hunter*, 2017 IL 121306, ¶ 15.

¶ 30    Public Act 101-652 was passed by the General Assembly on January 13, 2021, and signed by Governor Pritzker on February 22, 2021. However, in section 99-999 of the public act, the legislature delayed implementation of the changes it made in section 10-281—which amended the recidivism statute by requiring felony offenses for Class X sentencing to be a "forcible" felony—to July 1, 2021. See Pub. Act 101-652, § 99-999 (eff. July 1, 2021).

¶ 31    In this case, defendant pleaded guilty to one count of DWLR in October 2019. In November 2019, the circuit court sentenced him to nine years in prison. A month later, he filed *pro se* motions to withdraw his guilty plea and vacate his sentence. Ultimately, the circuit court denied his remaining postplea motion in May 2022.

¶ 32    Given the change in the sentencing law created by Public Act 101-652, defendant argues he was entitled to the benefit of the new provision that took effect after sentencing but before the circuit court ruled on his postplea motion. He contends that, when a new law contains no explicit indication of temporal reach, section 4 of the Statute on Statutes guides its application. 5 ILCS 70/4 (West 2022). He points out that section 4 provides, in part, that "[i]f any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." *Id.* We note the appellate court here found the temporal reach of the statute was not clearly indicated and analyzed the issue under section 4. 2023 IL App (4th) 220400, ¶ 36.

¶ 33    The State, however, argues the General Assembly clearly stated its intent that the amendment apply prospectively only by expressly delaying the amendment's implementation date in the text of the legislation. The State argues defendant was

not entitled to elect the benefit of the amendment that took effect after his sentencing and thus counsel was not ineffective in declining to argue otherwise.

¶ 34       This court has stated, when evaluating a statute enacted after events giving rise to the litigation, courts evaluate the temporal reach of the new law utilizing the standards set forth by the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). *People v. Brown*, 225 Ill. 2d 188, 201 (2007). "Under the *Landgraf* standards, the threshold inquiry is whether the legislature has expressly prescribed the statute's temporal reach. If it has, that expression of legislative intent must be given effect absent some constitutional prohibition against doing so." *Id.* "[W]hen a statute is silent as to temporal reach, section 4 of the Statute on Statutes supplies the default rule and procedural changes are applied retroactively." *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 23.

¶ 35       In *Brown*, 225 Ill. 2d at 201, the statute in question—juvenile justice reform provisions—contained a section calling for its delayed implementation. Although the law was enacted in June 1998, the provisions were not to take effect until January 1999 or January 2000. *Id.* This court found it clear "that the law was intended to have only prospective application." *Id.*

¶ 36       In *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 187 (2011), the amendment at issue was signed into law on August 12, 2005, and became effective on January 1, 2006. Thus, as in *Brown*, this court found "the delayed implementation date of the amendment indicates a clear legislative intent for the prospective application of the provision." *Id.*; see *Howard*, 2016 IL 120729, ¶ 23 (noting "a statute that has an express delayed implementation date but is otherwise silent as to temporal reach will be applied prospectively").

¶ 37       We find the legislature clearly stated its intent that the amendment apply prospectively when it expressly delayed the amendment's implementation date in the text of the legislation. Public Act 101-652 expressly stated the relevant provisions of the Unified Code became effective on July 1, 2021. Thus, section 4 of the Statute on Statutes does not apply here. See *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 406 (2009) ("Because section 4 of the Statute on Statutes operates as a default standard, it is inapplicable to situations where the legislature has clearly indicated the temporal reach of a statutory amendment.").

¶ 38    Defendant, however, argues a question remains as to whether a defendant has a right to elect when an amendment is not effective at the time of sentencing but is effective while the case is still pending in the circuit court. Relying largely on *People v. Spears*, 2022 IL App (2d) 210583, defendant argues he should have been able to elect to be sentenced under the amended statute because, even after his sentencing on November 7, 2019, his postplea motion was pending in the circuit court when the amendment became effective on July 1, 2021.

¶ 39    In *Spears*, 2022 IL App (2d) 210583, ¶¶ 3, 5, the defendant pleaded guilty, and the circuit court sentenced him as a Class X offender under the version of section 5-4.5-95(b) in effect prior to July 2021 (see 730 ILCS 5/5-4.5-95(b) (West 2018)). Thereafter, he filed postplea motions and had his case remanded for compliance with Rule 604(d). *Spears*, 2022 IL App (2d) 210583, ¶¶ 6-10. His postplea proceedings continued on remand after the July 2021 amendment to section 5-4.5-95(b) took effect, until the circuit court denied his amended motion to reconsider sentence in October 2021. *Id.* ¶¶ 11-16.

¶ 40    On appeal, the defendant argued the circuit court erred in denying his amended motion to reconsider sentence because, since his case was still "pending" in the circuit court, "he was entitled to elect the benefit of the amendment to section 5-4.5-95 of the Code that took effect after sentencing but before the trial court ruled on his amended motion to reconsider the sentence." *Id.* ¶ 19.

¶ 41    The Second District agreed. *Id.* ¶ 27. Relying on *People v. Feldman*, 409 Ill. App. 3d 1124, 1127 (2011), the appellate court found it was "the order denying his amended motion to reconsider the sentence that acts as the final judgment in the underlying proceedings." *Spears*, 2022 IL App (2d) 210583, ¶ 29; see *Feldman*, 409 Ill. App. 3d at 1127 (stating the denial of a motion to withdraw a guilty plea is the "final judgment"). Thus, the court found the case was still pending in the circuit court when the July 1, 2021, amendment to section 5-4.5-95(b) took effect and that the amended version of the statute should have applied. *Spears*, 2022 IL App (2d) 210583, ¶ 29. The court then remanded for a new sentencing hearing. *Id.*

¶ 42    We find the *Spears* analysis misguided, as it looked at the ruling on the amended motion to reconsider sentence instead of the actual imposition of sentence to determine when the judgment was final. In doing so, the *Spears* court failed to adhere to "our long-standing case law holding that imposition of a sentence

constitutes the final judgment in a criminal case." *People v. Walls*, 2022 IL 127965, ¶ 23; see *People v. Abdullah*, 2019 IL 123492, ¶ 19 (" 'The final judgment in a criminal case is the sentence.' " (quoting *People v. Caballero*, 102 Ill. 2d 23, 51 (1984))). Thus, because the sentence had been imposed and rendered a final judgment in that case, the defendant could not elect the benefit of the newer version of the statute that took effect thereafter. It should be noted that, after *Spears* was decided, this court in *Walls* explicitly stated its disagreement with *Feldman* and overruled it. *Walls*, 2022 IL 127965, ¶ 24. Given *Spears*'s similar holding, that decision is likewise overruled.

¶ 43    On both dates of defendant's offense (June 3, 2017) and sentence (November 7, 2019) in this case, section 5-4.5-95(b) made him eligible for mandatory Class X sentencing. 730 ILCS 5/5-4.5-95(b) (West 2018). Because the amended statute was not yet in effect when the circuit court sentenced him in November 2019, defendant was not entitled to be sentenced under the newer version of section 5-4.5-95(b). The operative time for determining whether the amended statute applies is the date of sentencing, and that defendant had a pending postplea motion does not change the fact that the judgment had been finalized before the July 1, 2021, effective date. Thus, we reject defendant's argument that judgment was not final and the proceedings were ongoing until May 2022 such that he could elect to avail himself of the newer version of the statute.

¶ 44    Moreover, because defendant was not entitled to be sentenced under the newer version of section 5-4.5-95(b), where the amended statute was not yet in effect when the circuit court sentenced him in November 2019, he suffered no prejudice when defense counsel agreed that the new statute was not retroactive. Thus, counsel did not render ineffective assistance.

¶ 45    B. Rule 604(d) Compliance

¶ 46    Defendant argues defense counsel failed to comply with the requirements of Rule 604(d), thereby depriving him of a full and fair hearing on his sentencing claim. He asks this court to remand for further postplea proceedings.

¶ 47    Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Specifically, Rule 604(d) provides:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

The filing of a Rule 604(d) certificate allows the circuit court to ensure counsel has reviewed the defendant's claim and considered all relevant bases for moving to withdraw the guilty plea or to reconsider the sentence. *In re H.L.*, 2015 IL 118529, ¶ 10. " 'The attorney certificate thereby encourages the preservation of a clear record, both in the trial court and on appeal, of the reasons why a defendant is moving to withdraw his plea or to reduce sentence.' " *Id.* (quoting *People v. Shirley*, 181 Ill. 2d 359, 361 (1998)). Rule 604(d) warns that any issue not raised by the defendant in the motion to reconsider sentence or the motion to withdraw the guilty plea shall be deemed waived on appeal. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 48    "This court requires strict compliance with the certification requirement of Rule 604(d)." *H.L.*, 2015 IL 118529, ¶ 8. Counsel's failure to strictly comply with the rule "requires 'a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion.' " *People v. Gorss*, 2022 IL 126464, ¶ 19 (quoting *People v. Janes*, 158 Ill. 2d 27, 33 (1994)). Whether counsel has complied with Rule 604(d) is a question of law that is reviewed *de novo*. *Id.* ¶ 10.

¶ 49    In this case, defendant concedes defense counsel's certificate complied with Rule 604(d). However, even with the facially sufficient certificate, defendant argues a review of the record refutes the validity of the certificate such that he did not receive a full and fair hearing on his sentencing claim. See *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 36 (stating the record may be utilized to refute compliance with a facially valid Rule 604(d) certificate).

¶ 50    In December 2019, defendant filed a *pro se* motion to withdraw his guilty plea and a motion to reduce his sentence. After his appointment, defense counsel filed his Rule 604(d) certificate in July 2020. At the July 2020 hearing on the postplea motions, counsel told the circuit court that defendant did not want to withdraw his plea but instead argued his sentence was excessive. Counsel noted defendant had been arrested "a number of times" but the State on those occasions "chose not to upgrade it" to a felony. Considering his age and the length of his prison sentence, counsel asked the court to reconsider its decision. The court denied the motion to reconsider sentence.

¶ 51    After the case was remanded by the appellate court, defense counsel filed a second Rule 604(d) certificate in February 2021. In March 2022, counsel filed a motion to withdraw the guilty plea and vacate the sentence, claiming defendant did not understand the consequences of the plea. Counsel then filed his third Rule 604(d) certificate in May 2022.

¶ 52    At the May 2022 hearing, defendant indicated he had had enough time to speak with counsel about all the issues. Counsel indicated defendant did not wish to pursue his motion to withdraw his guilty plea but instead wanted his sentence reconsidered. Counsel said he was "going back to what we had brought up at the past hearing" and stipulating to the prior arguments on the motion to reduce the sentence made at the July 2020 hearing. He went on to argue the sentence was enhanced because of reasons that did not apply at the time of the May 2022 hearing. He asked the circuit court "on the basis of justice" to reconsider in light of the "recent changes in the law." The court denied the motion.

¶ 53    The point of Rule 604(d) is to " 'protect the defendant's interests through adequate consultation. The certificate serves as evidence that the requisite consultation has taken place.' " (Emphasis omitted.) *Gorss*, 2022 IL 126464, ¶ 16 (quoting *People v. Easton*, 2018 IL 122187, ¶ 32). This court has rejected arguments that the strict compliance standard of Rule 604(d) "must be applied so mechanically as to require Illinois courts to grant multiple remands and new hearings following the initial remand hearing." *Shirley*, 181 Ill. 2d at 369. Where a defendant has been "afforded a full and fair second opportunity to present a motion for reduced sentencing," there is "limited value in requiring a repeat of the exercise, absent a good reason to do so." *Id.*

¶ 54 Here, the record shows defendant was afforded a full and fair opportunity to present his postplea claims. Beyond the sentencing hearing, the circuit court had two opportunities to reconsider defendant's sentence. Consistent with counsel's valid certificate, defendant explicitly told the court that he had enough time to speak with counsel regarding the issues. Counsel then argued the sentence was excessive considering the nature of the offense and even noted the change in the law. Nothing indicates the ruling would be different following a third attempt at reconsideration. Moreover, counsel's argument sufficiently presented the claim to the circuit court and allowed for appellate review. Thus, requiring another remand and a hearing on the motion to reduce the sentence "would be an empty and wasteful formality." *Id.* at 370.

¶ 55 III. CONCLUSION

¶ 56 For the foregoing reasons, we affirm the appellate court's judgment.

¶ 57 Judgments affirmed.

¶ 58 JUSTICE CUNNINGHAM, specially concurring:

¶ 59 I agree with the majority that the judgment of the appellate court must be affirmed. However, I disagree with the majority's reasoning in reaching that result. I believe the majority misconstrues the principal issue presented in this appeal, and I thus specially concur.

¶ 60 I. Brown's Reliance on *Spears*

¶ 61 In October 2019, the defendant, Alvin Brown, pled guilty to the offense of driving while license revoked (DWLR) (625 ILCS 5/6-303(a), (d-5) (West 2016)). Based on his criminal history, Brown was found eligible for a Class X sentence, which has a sentencing range of 6 to 30 years' imprisonment. 730 ILCS 5/5-4.5-25(a), 5-4.5-95(b) (2018). On November 7, 2019, the trial court sentenced Brown, as a Class X offender, to nine years in prison.

¶ 62    On December 9, 2019, Brown filed three *pro se* motions: (1) a motion to withdraw his guilty plea and vacate his sentence, (2) in the alternative, a motion seeking to reduce his sentence, and (3) a motion for the appointment of counsel. The trial court granted the latter motion and appointed counsel to represent Brown during his postplea proceedings. Following a hearing, the trial court denied Brown's remaining postplea motions.

¶ 63    On appeal, the appellate court vacated the circuit court's orders denying Brown's postplea motions and summarily remanded the matter to the circuit court for the filing of a valid attorney certificate of compliance as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). *People v. Brown*, No. 2-20-0432 (Dec. 4, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)). Brown was also given the opportunity to file new postplea motions and to have a new motion hearing. *Id.* Upon remand to the circuit court, defense counsel filed a motion to reconsider Brown's sentence.

¶ 64    In January 2021, while Brown's new postplea motion to reconsider his sentence was still pending, the Illinois General Assembly enacted an amendment to the Class X sentencing statute to provide that a defendant must have been convicted of "a Class 1 or Class 2 forcible felony" offense and have prior qualifying convictions that were also forcible felonies in order to be sentenced as a Class X offender. Pub. Act 101-652, § 10-281 (eff. July 1, 2021) (amending 730 ILCS 5/5-4.5-95(b)). The amended statute went into effect on July 1, 2021. There is no dispute that Brown would not have qualified for Class X sentencing had the amended statute been in effect at the time of his sentencing in November 2019.

¶ 65    On May 11, 2022, the trial court denied Brown's new postplea motion to reconsider his sentence, finding that the nine-year sentence imposed in November 2019 was appropriate. Brown appealed.

¶ 66    On appeal, Brown argued that (1) he was entitled to a remand for resentencing because he was not given the opportunity "to elect the benefit of" the new, more favorable sentencing law that became effective in July 2021 and (2) the record showed his counsel had not filed a valid Rule 604(d) certificate, thus requiring further postplea proceedings. The appellate court rejected both arguments and affirmed the circuit court's judgment. 2023 IL App (4th) 220400. This court allowed Brown's petition for leave to appeal.

¶ 67     On appeal to this court, Brown maintains that he is entitled to be resentenced pursuant to the amended sentencing statute because his postplea proceedings were pending in the trial court when the amendment went into effect. He argues that the trial court retained jurisdiction over his case during ongoing postplea proceedings and, therefore, had the authority to change his sentence in compliance with the updated sentencing law. In other words, Brown asks this court to treat the trial court's ruling on his postplea motion as the date of "judgment" for purposes of determining the applicability of the amended statute to his sentencing situation.

¶ 68     In support of his argument that he is entitled to resentencing, Brown relies principally on *People v. Spears*, 2022 IL App (2d) 210583. The relevant facts in *Spears* are nearly identical to those in this case. In that case, the defendant, Michael Spears, pled guilty to various offenses and was sentenced as a Class X offender in June 2019. *Id.* ¶¶ 3-5. Spears filed a postplea motion to reconsider sentence, which was denied. *Id.* ¶ 8. The appellate court then vacated the trial court's order and remanded the case for compliance with Rule 604(d). *Id.* ¶ 10. Upon remand to the trial court, on May 18, 2021, Spears filed a new motion to reconsider sentence, and on September 14, 2021, he filed an amended motion to reconsider sentence. *Id.* ¶¶ 11, 13. On October 5, 2021, the trial court denied Spears's amended motion. *Id.* ¶ 16. On appeal, Spears made the same argument Brown makes in the present case. Spears argued "that he was entitled to elect the benefit of the amendment to section 5-4.5-95 of the Code that took effect after sentencing but before the trial court ruled on his [postjudgment] amended motion to reconsider the sentence." *Id.* ¶ 19.

¶ 69     The appellate court agreed with Spears and remanded the matter for a new sentencing hearing to allow the trial court to resentence Spears in accord with the new sentencing statute. *Id.* ¶ 29. Citing *People v. Feldman*, 409 Ill. App. 3d 1124, 1127 (2011), the appellate court reasoned that,

> "[b]ecause defendant entered an open guilty plea, he could not file an appeal without first filing a motion to reconsider the sentence or a motion to withdraw his guilty plea, and *it is the order denying his amended motion to reconsider the sentence that acts as the final judgment in the underlying proceedings*." (Emphasis added.) *Spears*, 2022 IL App (2d) 210583, ¶ 29.

The *Spears* court further held that, because the proceedings in the trial court were ongoing when the statute took effect on July 1, 2021, the new version of the statute

should have applied to Spears's motion to reconsider sentence and the trial court erred in denying Spears's amended motion to reconsider on that ground. *Id.* According to the *Spears* court, denying Spears the benefit of the new sentencing law would lead to an absurd result because, if the trial court had granted the amended motion to reconsider on a different ground, *e.g.*, that the sentence was excessive, the new, more favorable sentencing statute would have applied at Spears's new sentencing hearing. *Id.* ¶ 28.

¶ 70        The problem with Brown's reliance on *Spears* is that this court has considered, and rejected, the precise rationale underlying the holding in *Spears*. In *People v. Hunter*, 2017 IL 121306, ¶¶ 46-47, two juvenile defendants argued that an amended sentencing statute that became effective while the defendants' cases were pending on direct appeal in the appellate court should be applied to their cases. This court held that their argument was foreclosed by the language in the second sentence of section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2016)). *Hunter*, 2017 IL 121306, ¶ 52. That section states, "[i]f any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." 5 ILCS 70/4 (West 2016). This court noted that the quoted language meant that, if the statutory changes mitigated a punishment, those changes could not be applied to defendants who "were *sentenced* before the statute took effect" (emphasis added) (*Hunter*, 2017 IL 121306, ¶ 52), because the sentencing is when a judgment becomes final.

¶ 71        This court thus concluded that section 4 of the Statute on Statutes *negated* the defendants' argument. Our reasoning was as follows:

        "In *People v. Hansen*, 28 Ill. 2d 322, 340-41 (1963), we held that the defendant was not entitled to be resentenced under the new criminal code, which went into effect just 13 days after he was sentenced, because, under section 4, 'a punishment mitigated by a new law is applicable only to judgments after the new law takes effect.' Similarly, in *People v. Bradford*, 106 Ill. 2d 492, 504 (1985), we held that, under section 4, the defendant was not eligible to be sentenced under a statutory amendment that became effective while his case was pending in this court because he had already been sentenced prior to the statute's effective date. Where, however, a defendant's sentence is vacated on

- 16 -

appeal and the matter remanded for resentencing, under section 4 of the Statute on Statutes, the defendant may elect to be sentenced under the law in effect at the time of the new sentencing hearing. *People v. Reyes*, 2016 IL 119271, ¶ 12 (*per curiam*) ***.

Here, no dispute exists that defendants were sentenced well before the new juvenile sentencing provisions, including subsection (b), became effective on January 1, 2016. Further, defendants make no claim that error occurred in the trial court that would require vacatur of their sentences and remand for resentencing, thus giving them the option to be sentenced under subsection (b).

*** Accordingly, defendants are not eligible to be sentenced under subsection (b)." *Id.* ¶¶ 54-56.

¶ 72        Subsequently, in *People v. Walls*, 2022 IL 127965, ¶ 23, this court reaffirmed "our long-standing case law holding that imposition of a *sentence* constitutes the final judgment in a criminal case." (Emphasis added.) In so holding, this court expressly overruled *Feldman*, 409 Ill. App. 3d 1124, the decision upon which the *Spears* court relied. *Walls*, 2022 IL 127965, ¶¶ 23-24.

¶ 73        Brown attempts to distinguish *Hunter* on the ground that the amendments in that case took effect while the defendants' cases were pending on appeal, while the amendment in this case took effect while his case was pending in the trial court. This is a distinction without a difference. As the appellate court below correctly observed, "the court's rationale in *Hunter* was not based upon the fact that the defendants' cases were pending on appeal rather than in the trial court when the amendments took effect, but explicitly on the fact that the defendants 'were sentenced well before' the sentence amendments took effect." 2023 IL App (4th) 220400, ¶ 40 (quoting *Hunter*, 2017 IL 121306, ¶ 55); see *People v. Bradford*, 106 Ill. 2d 492, 504 (1985) ("Judgment is defined as 'an adjudication by the court that the defendant is guilty or not guilty and if the adjudication is that the defendant is guilty it includes the sentence pronounced by the court.' [Citation]. Bradford was sentenced prior to the effective date of [the amended statute], and he is not eligible to elect to be sentenced under it."); *People v. Hansen*, 28 Ill. 2d 322, 341 (1963) (holding a new sentencing statute did not apply to the defendant under section 4 of the Statute on Statutes because the judgment and sentence were pronounced prior to the effective date of the new law); *People v. Lisle*, 390 Ill. 327, 328 (1945)

(holding that "Section 4 of the [Statute on Statutes] does not give the defendant the right to be sentenced under a law not in full force and effect at the time of his sentence").

¶ 74    Finally, numerous other appellate decisions have rejected the reasoning of *Spears*. See 2023 IL App (4th) 220400, ¶¶ 48-49; *People v. Neal*, 2024 IL App (4th) 230029-U, ¶¶ 29-30; *People v. Foy*, 2023 IL App (4th) 220680-U, ¶¶ 30-37; *People v. Stevenson*, 2023 IL App (3d) 220055, ¶¶ 16-18; *People v. Hilson*, 2023 IL App (5th) 220047, ¶¶ 82-89; *People v. Lopez*, 2023 IL App (4th) 220144-U, ¶¶ 34-38; *People v. Foster*, 2022 IL App (3d) 210342-U, ¶¶ 13-15.

¶ 75    *Spears* is clearly irreconcilable with this court's established precedent, and I agree with the majority that it should be overruled. S*upra* ¶ 42. Based on our well-established case law, the date of the final judgment in Brown's case was the date of his *sentencing* (November 7, 2019), not the date that the trial court finally denied his postplea motion (May 11, 2022). Thus, under section 4 of the Statute on Statutes, Brown cannot avail himself of the new sentencing law that became effective after his sentencing date in November 2019. See, *e.g.*, *Hunter*, 2017 IL 121306, ¶ 55. For these reasons, I agree with the majority that the judgment of the appellate court must be affirmed.

¶ 76                    II. Misconstruing Brown's Argument

¶ 77    The majority affirms the judgment of the appellate court but, in so doing, misconstrues the issue presented. The majority frames the issue in this case as whether the temporal reach of the amended sentencing provision is both retroactive and prospective, or prospective only. The majority concludes that the provision is prospective only and, on that basis, affirms the judgment of the appellate court. However, that is not the argument Brown is raising.

¶ 78    Brown is asking this court to adopt the rule announced in *Spears.* That is, Brown is asking this court to hold that, if a new sentencing law becomes effective *after* a defendant's sentencing but while postsentencing proceedings are still pending, the defendant is entitled to be resentenced under the new sentencing law because the pendency of the postsentencing issues means the judgment is not yet final. See *Spears*, 2022 IL App (2d) 210583, ¶ 29 ("it is the order denying his amended

motion to reconsider the sentence that acts as the final judgment in the underlying proceedings"). Brown's argument means that imposition of a sentence would no longer be a final judgment so long as there were postsentencing matters pending. This is *not* a retroactivity argument. Rather, it is an argument that asks this court to upend established case law regarding *when* a judgment becomes final.

¶ 79       As Brown argues in his reply brief,

"the effective date [of the amended statute at issue in this case] is ultimately irrelevant. Indisputably, the amendment was not effective when Mr. Brown was originally sentenced, and it was effective when the motion to reconsider sentence was denied. Nothing in the plain language of the amended Class X recidivism provision addresses this situation. Accordingly, a delayed effective date sheds no light on the question at issue. In other words, merely saying that [the] statute applies 'prospective only' begs the question: prospective based on the date of sentencing or the date of the denial of the motion to reconsider sentence?"

¶ 80       In short, Brown *concedes* that the amended sentencing statute is only prospective. However, his contention is that applying the sentencing statute to a defendant whose proceedings are still pending in the trial court *is* a prospective application of the statute because the judgment is not yet final. This argument is, of course, without foundation in Illinois law.

¶ 81       The majority, by focusing *solely* on whether the amended sentencing statute is prospective or retroactive, addresses an issue that is not in dispute. And, in so doing, the majority fails to address Brown's actual argument. Although the majority correctly holds that the "final judgment" was pronounced at Brown's sentencing in November 2019 (*supra* ¶ 42), the majority fails to explain why this matters. The date of the final judgment matters because the rule, as stated in section 4 of the Statute on Statutes, is that a new, more favorable sentencing law does not apply to a defendant if the statute becomes effective *after* the "judgment" is pronounced, *i.e.*, after a defendant is sentenced. See 5 ILCS 70/4 (West 2018); *Hunter*, 2017 IL 121306, ¶¶ 52, 54-56. The application of that rule to the present case is straightforward. Accordingly, the majority's conclusion that section 4 of the Statute on Statutes "does not apply" to this case (*supra* ¶ 37) is simply incorrect.

¶ 82   The majority should address this issue as it was raised and briefed by the parties in this appeal. For the foregoing reasons, I therefore specially concur.