NOTICE
Decision filed 01/14/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 230209-U

NOS. 5-23-0209, 5-23-0621, 5-23-0622 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | Nos. 20-CF-418, |
| | ) | 20-CF-1129, |
| | ) | 21-CF-16 |
| | ) | |
| ZOLLIE THOMAS, | ) | Honorable |
| | ) | Erick F. Hubbard, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court's orders revoking defendant's participation in diversionary "drug court" program and sentencing him on the underlying charges pursuant to a plea agreement are affirmed where defendant failed to establish that plea counsel was ineffective for failing to move to reconsider the sentences based on a recent statutory amendment. A motion to reconsider the sentence was unavailable given that the underlying plea was partially negotiated.

¶ 2    Defendant, Zollie Thomas, pleaded guilty to burglary in three separate cases. Pursuant to those pleas, he was to be sentenced to "drug court." If he failed to complete the program, however, he could receive mandatorily consecutive sentences of up to 10 years' imprisonment in each case. The State later petitioned to terminate his participation in the drug court program. The court granted the petition and sentenced defendant pursuant to the original plea to three consecutive

1

eight-year prison terms. The court denied defendant's motion to reconsider. Defendant appeals, contending that plea counsel was ineffective for failing to argue that a subsequent change in the law made consecutive sentences permissive rather than mandatory. We affirm.

¶ 3                                    BACKGROUND

¶ 4      The State charged defendant with burglary in case Nos. 20-CF-418, 20-CF-1129, and 21-CF-16. At a combined hearing on these and other cases, defendant pleaded guilty to one count of burglary in each case. By agreement, defendant would enter the "drug court" program. Additional counts in case Nos. 20-CF-418, 20-CF-1129, and 21-CF-16 would be dropped, and four additional cases would be dismissed entirely.

¶ 5      The court admonished defendant about the charges and possible sentences, and the rights he would be waiving by pleading guilty. The trial court and parties agreed that all three sentences, should they be imposed, would be mandatorily consecutive to one another given that defendant committed the last two burglaries while on pretrial release for the first one. Also, defendant was eligible for Class X sentencing based on his criminal history. Defendant consented to the terms of the drug court program. The court accepted his guilty plea, finding it voluntary.

¶ 6      On July 8, 2021, the State petitioned to terminate defendant from the drug court program, alleging that he failed to appear for a number of probation and treatment appointments. On August 26, 2021, following the trial court's admonitions, defendant admitted to the petition's allegations and the matter was set for a hearing to decide if he should be terminated from the program.

¶ 7      At the hearing, Jennifer Embree, defendant's probation officer, testified that defendant initially complied with the program but soon began missing drug screens and appointments. When he was tested, he tested positive for cocaine and alcohol. He also picked up new charges.

¶ 8    If defendant missed an appointment, Embree would send him a new appointment letter or give him a reminder slip when he appeared in court. Defendant missed a total of four appointments although one was excused due to a dental appointment. Embree concluded that defendant was not benefiting from the program.

¶ 9    Lena Pinkston, defendant's behavioral health counselor, testified that he had attended only 7 of 33 group sessions. She, too, concluded that he was not benefiting from the program.

¶ 10    Defendant testified that he had not received the mailed notices of his missed probation appointments but acknowledged that Embree had given him reminder notices in court. He had wanted to go to inpatient treatment to get more support, but that option was apparently not available.

¶ 11    The court found that defendant was not performing satisfactorily in the program. It thus terminated his participation and scheduled a sentencing hearing.

¶ 12    At that hearing, the State produced evidence that defendant had been charged in two additional cases. In mitigation, defendant testified that he began using heroin at the age of 14 to deal with pain from a gunshot wound. He was only sober when he was in prison. His drug habit cost more money than he could earn legitimately, so he stole property to sell for money to buy drugs. The State requested the maximum 10-year sentence available under the plea agreement in each case, noting that defendant's new charges brought the total number of times he had been charged with or convicted of burglary to 15. The court sentenced defendant to eight years' imprisonment in each case, with the sentences to run consecutively.

¶ 13    On November 29, 2021, defendant filed a *pro se* "motion to vacate judgment." In it, he argued that his plea counsel was ineffective for advising him to "plea[d] guilty" to violating the terms of the drug court program, that the trial court erred in terminating him from the program,

and that he should not have been sentenced as a Class X offender. A hearing on the motion was delayed several times while plea counsel attempted to discuss the motion with defendant. Finally, on September 8, 2022, the circuit court, noting that defendant had filed the motion *pro se* while he was still represented by counsel, struck the motion, allowing plea counsel to submit "whatever filing counsel feels is appropriate."

¶ 14    Shortly thereafter, on December 6, 2022, an amendment to section 5-8-4 of the Unified Code of Corrections (730 ILCS 5/5-8-4 (West 2020)) took effect. The amendment provided "[i]f a person charged with a felony commits a separate felony while on pretrial release" the trial court has discretion to impose consecutive sentences. 730 ILCS 5/5-8-4(c)(3) (West 2022). Previously, consecutive sentences were mandatory in such a situation. See 730 ILCS 5/5-8-4(d)(8) (West 2020).

¶ 15    A hearing on defendant's postjudgment motion finally took place on January 25, 2023. Rather than file a new motion, counsel adopted one paragraph of defendant's *pro se* filing, arguing that defendant should not have been dismissed from the program because one of his missed appointments was excused. The court denied the motion.

¶ 16    On February 16, 2023, defendant simultaneously filed a motion to withdraw guilty plea and a notice of appeal in case No. 20-CF-418. He later moved to supplement the motion to withdraw guilty plea. On March 29, 2023, the trial court held that, because defendant had filed a notice of appeal, the court lacked jurisdiction to consider the motion to withdraw the guilty plea.

¶ 17    Subsequently, we granted defendant's motions for leave to file late notices of appeal in case Nos. 20-CF-1129 and 21-CF-16. We also granted his motion to consolidate the appeals.

¶ 18                                    ANALYSIS

¶ 19    Defendant argues that plea counsel provided ineffective assistance when he failed to argue that the amendment to section 5-8-4, which took effect shortly before the hearing on the motion to reconsider, applied to defendant's case and, at a new sentencing hearing, would allow the court to impose concurrent rather than consecutive sentences.

¶ 20    Prior to December 6, 2022, section 5-8-4(d) of the Unified Code of Corrections provided as follows:

"(d) Consecutive terms; mandatory. The court shall impose consecutive sentences in each of the following circumstances:

* * *

(8) If a person charged with a felony commits a separate felony while on pretrial release or in pretrial detention in a county jail facility or county detention facility, then the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." 730 ILCS 5/5-8-4(d)(8) (West 2020).

¶ 21    On that date, an amendment to section 5-8-4 became effective that provides as follows:

"(c) Consecutive terms; permissive. The court may impose consecutive sentences in any of the following circumstances:

* * *

(3) If a person charged with a felony commits a separate felony while on pretrial release or in pretrial detention in a county jail facility or county detention facility, then the sentences imposed upon conviction of these felonies may be

5

served consecutively regardless of the order in which the judgments of conviction are entered." 730 ILCS 5/5-8-4(c)(3) (West 2022).

¶ 22     In short, under the former law, when a defendant committed one or more offenses while on pretrial release, he or she had to serve any sentences imposed for those offenses consecutively. Under the new law, the sentencing court has discretion to make the sentences consecutive or concurrent. See *In re Estate of Ahmed*, 322 Ill. App. 3d 741, 746 (2001) (when a statute uses the word "may," we interpret the statute as permissive). Defendant argues that plea counsel should have cited this amendment to argue for a new sentencing hearing at which the court would have the discretion to impose concurrent sentences rather than consecutive ones as required by the former statute.

¶ 23     " 'To establish that a defendant was deprived of effective assistance of counsel, [he] must establish both that his attorney's performance was deficient and that the defendant suffered prejudice as a result.' " *People v. Manning*, 227 Ill. 2d 403, 412 (2008) (quoting *People v. Pugh*, 157 Ill. 2d 1, 14 (1993)). Counsel may be ineffective for failing to file a motion where a reasonable probability exists that such a motion would have been granted. *People v. Henderson*, 2013 IL 114040, ¶ 12. However, to establish deficient performance, the defendant must overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy. *People v. Manning*, 241 Ill. 2d 319, 327 (2011).

¶ 24     Defendant contends that "the record is devoid of any indication that plea counsel was aware of the amendment to [section] 5-8-4 that went into effect on December 6, 2022." Citing a federal case for the proposition that a "reasonable probability" of success is one that is only "better than negligible," he contends that, had plea counsel filed a motion to reconsider the sentences arguing that the amended sentencing law applied, "there was more than a reasonable probability that the

6

trial court would have granted the motion and conducted a new sentencing hearing." However, defendant provides no reasoned argument in support of his conclusional statement that there existed a reasonable probability that the court would have granted a motion for a new sentencing hearing based on the amended statute. Moreover, he stands the presumption of trial strategy on its head, presuming that, because plea counsel did not mention the amended statute, he must have been unaware of it. We disagree. There is no reasonable chance that a motion to reconsider the sentence would have been granted because such a motion was not available in defendant's case.

¶ 25    At the initial guilty plea hearing, defendant was sentenced to drug court with the express understanding that, if he were dismissed from the program, he would be resentenced in each case. Defendant and the State agreed that, if that occurred, each sentence would be capped at 10 years' imprisonment. Moreover, the parties understood that the sentences would be consecutive.

¶ 26    Illinois Supreme Court Rule 604(d) provides:

"No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 27    In *People v. Linder*, 186 Ill. 2d 67, 74 (1999), the court explained that, by agreeing to plead guilty in exchange for a sentencing cap, a defendant agrees not to challenge any sentence imposed below that cap on the grounds that it is excessive. The court held that a guilty plea is essentially a contract between the State and the defendant. As such, it would be unfair to allow a defendant to

7

accept the benefits of the plea bargain, then unilaterally seek relief from his end of the bargain. *Id.* at 72.

¶ 28 It makes no difference that defendant was resentenced following his dismissal from the diversionary program; the plea agreement expressly contemplated this. See *People v. Johnson*, 2021 IL App (2d) 180775, ¶ 23 (when a defendant is sentenced following the revocation of his probation, "the trial court is limited in sentencing by the maximum penalty upon which the defendant had originally been admonished" (internal quotation marks omitted)).

¶ 29 By pleading guilty in exchange for a sentencing cap in the event of a discharge from the diversionary program, defendant in effect agreed not to challenge any sentence imposed that was within the cap. The State's recommendation of consecutive 10-year sentences was consistent with the agreement, and the 8-year sentences the court ultimately imposed were under the cap.

¶ 30 Moreover, a defendant who pleads guilty generally may not take advantage of subsequent changes in the law. " '[A] classic guilty plea permits a defendant to gain a present benefit in return for the risk that he may have to [forgo] future favorable legal developments.' " *People v. Jones*, 2021 IL 126432, ¶ 21 (quoting *Dingle v. Stevenson*, 840 F.3d 171, 175 (4th Cir. 2016)).

¶ 31 Because defendant entered a partially negotiated guilty plea, a motion challenging only the sentence—even one based on a subsequent change in the law—was not permitted. Accordingly, counsel could not be ineffective for failing to file one.

¶ 32                                   CONCLUSION

¶ 33 For the foregoing reasons we affirm the circuit court's judgment.


¶ 34 Affirmed.